## UNITED STATES v. LIBBY, McNEILL & LIBBY.

Third Division. Valdez. December 3, 1925.

No. 1005, Criminal.

1. **Indictment and Information** ⊚⟹159(1)—**Amendments.**
    Motion to strike out part of an indictment *held* denied upon the ground that the court has no power to amend an indictment.

2. **Fish** ⊚⟹15—**Indictment and Information—Fishing with Trap During Weekly Closed Season—Variance.**
    The defendant company was charged by indictment that during the weekly closed period it failed "to either lower or lift twenty-five feet of the webbing and net of the heart of said trap on each side of the pot.". The offense denounced by the law is described as "without having the gate, mouth or tunnel of said floating fish trap closed and without having twenty-five feet of the webbing or net of the heart of said floating fish trap, on each

⊚⟹See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

side thereof next to the pot, lifted or lowered in such a manner as to permit the free passage of salmon or other fishes." *Held*, the allegation of the indictment was clearly insufficient, since the heart of a trap lies wholly on one side of the trap, and it would therefore be a physical impossibility to raise or lower the webbing of the heart cn each side of the pot. Such a statement of the offense is a fatal defect in the indictment, because it would be impossible to offer any proof corresponding to the language of the indictment, which would show a violation of the law, and would constitute a fatal variance.

**3. Criminal Law ⬿265—Motion to Strike shall Precede Demurrer.**

The United States first filed a demurrer to the defendant's plea in bar, and subsequently filed a motion to strike the plea. *Held*, the motion to strike comes too late, since a motion should always precede a demurrer.

**4. Criminal Law ⬿739(4)—Plea in Bar—Question of Fact for Jury.**

Where the defendant presents a plea of former acquittal, an issue of fact will arise thereby, which must be submitted to a jury under the instructions of the court.

Sherman Duggan, U. S. Atty., of Ketchikan.
R. E. Robertson, of Juneau, for defendant.

RITCHIE, District Judge. This case is heir at law of No. 992, Criminal, between the same parties, which was an indictment of defendant returned in the fall of 1924, for alleged violation of the White fishing law. At the trial at Seward in October, 1925, after a witness had been sworn for the government, defendant's counsel interposed an objection to the introduction of any testimony upon the ground that the indictment failed to charge any offense in any of the four counts, and he moved to strike part of the indictment. The motion to strike was denied by the court, upon the ground that the court had no power to amend an indictment. But the objection to the admission of evidence was sustained, upon the ground that the indictment failed to state any offense. The particular defect was the following:

The indictment attempted to charge a violation on certain days of the provision of the White law that during the weekly closed period the operators of a fish trap must close the gate, mouth, and tunnel of the trap, and either lower or lift 25 feet of the webbing and net of the heart of the trap on each side next to the pot. The indictment charged that defendant in

each instance failed to either lower or lift 25 feet of the webbing and net of the heart of said trap on each side of the pot. This allegation of the indictment was clearly insufficient, since the heart of a trap lies wholly on one side of the trap, and it would therefore be a physical impossibility to raise or lower the webbing of the heart on each side of the pot. The court held that the statement just quoted was a fatal defect in the indictment, because it would be impossible to offer any proof corresponding to the language of the indictment which would show a violation of law, and that necessarily there would be a variance between the indictment and the proof, if the prosecution were permitted to show a failure to raise the webbing on each side of the heart next to the pot, which is the offense denounced by the law, under the allegations charging failure to lift or lower the webbing of the heart on both sides of the pot. If such evidence had been permitted to go to the jury, it would have been necessary for the court, on motion, to instruct a verdict of acquittal, because of the fatal variance between the indictment and the proof; or if the case had been permitted to go to the jury, and a verdict of conviction was returned, a motion in arrest of judgment would have been well taken.

This fact being so clear to the court and counsel, the district attorney moved a dismissal of the case, with leave to take the case up with the next grand jury for the purpose of securing a new indictment properly stated. Mr. Robertson said that he "excepted to any such order." This "exception" may be treated as an objection to the order which was made by the court, pursuant to the request of the district attorney. The court also ordered that, instead of referring the case to the next grand jury, the district attorney might, in his discretion, file an information, inasmuch as the offense charged was a misdemeanor, and it might avoid delay, as the parties and all their witnesses were in attendance on the court at that time, and it was possible that trial might be had on an information at that time. This proved to be a vain hope. The information was filed, but the case proceeded no further than a plea of former jeopardy, interposed by the defendant to the information.

The court journal shows that on October 13, 1925, the defendant in this case appeared by its counsel, R. E. Robertson, waived reading of the information, and entered a special plea in bar, on the ground that the action was barred by section 2372

of the Compiled Laws of Alaska. The district attorney entered an oral demurrer to the plea, reserving the right to file a written demurrer thereafter. After argument the court took the matter under advisement. Since then counsel for both parties have filed several briefs, citing numerous authorities, which have been carefully considered.

With the view that I take of the whole matter, is seems to me premature at this time to pass upon the question of former jeopardy. The first thing is to dispose of the objections to the plea itself. After filing a demurrer, the district attorney several weeks later filed a motion to strike the plea in bar, on the ground that it is insufficient, under the Code provision or at common law, to constitute a valid special plea in bar. According to the usual course of procedure, the motion comes too late, since a motion should always precede a demurrer. In this case I think the reason for filing the motion to strike long after the demurrer was the fact that in a case tried at Valdez last month a plea of former jeopardy was interposed and demurred to, and after a careful examination of authorities the court held that the proper method of attack would have been to move to strike; the great weight of authority seeming to favor that procedure. No doubt this ruling in the Valdez case suggested to the assistant district attorney the idea of moving to strike the plea in the present case.

There is no written record of defendant's plea, except the journal entry made by the clerk already quoted. That does not seem to me to meet fully the requirements of section 2209 of the Code, providing for a plea of former conviction or acquittal.

Counsel for defendant, in a supplemental brief filed a few days ago, states that he has no particular objection to the motion to strike, on the ground of its late presentation; but, as the motion seems to him highly technical, the defendant, without conceding that its plea is in any wise defective, offers and prays the court's permission, should the court deem, contrary to defendant's contention, that defendant's plea is inartificial, or in any respect lacking "in any of the hypertechnicalities now asserted by the government," to renew its plea, and to do so through counsel at defendant's earliest opportunity.

It appears to the court that the proceedings of both parties since the filing of the information have not been as accurate formerly as they might have been. The statute provides a

form of pleading former jeopardy, which is certainly not lacking in length, whatever else may be said of it. This provision is the more rémarkable, since the statute provides that every plea must be oral. This rule was complied with by the defendant in this case, but the plea, as shown by the journal entry, does not comply fully with the statutory form. It appears to me, in view of the various objections and counter objections made by the parties, that substantial justice will be promoted in this case by granting the motion to strike, and allowing the defendant to file an amended plea in bar. As the plea must be oral, it seems to me that it can only be presented when the case is called for trial. Defendant may, however, at its option, file a plea in writing before that time, and then enter it orally at the convenience of the parties.

There is no express provision in the Alaska Code for amendment of a plea, but Mr. Bishop says it can be done, in the absence of a statute. 1 Crim. Proc. § 124. If a higher court should decide that the trial court had no such power, the attempt of the court to exercise it can do the defendant no harm.

While, as already stated, an opinion on the merits appears to be premature, it may be helpful toward the final decision to indicate my present view. Section 2217 of the Code provides that an issue of fact arises upon a plea of former conviction or acquittal of the same crime. I am unable to appreciate the force of this provision, since the question of former jeopardy has always appeared to me to be a question of law; but this is a provision of the Code, as it was of the Oregon Code, and the Oregon Supreme Court has treated it with due solemnity. It seems, therefore, that if the defendant succeeds in offering a plea of former acquittal, which the court will accept as sufficient in form, an issue of fact will arise thereby, which must be submitted to a jury. All this will be taken up when the case comes on for hearing. It seems to me, however, that the question of former jeopardy is so much a question of law that a verdict of the jury must in any case be dependent upon the instructions of the court.

The briefs of counsel in this case have presented forceful arguments, each with citations of authority that would be conclusive, if it were not for the contrary authorities cited by the other side. I was inclined to think that the weight of authority was with the defendant until I came across the case of

Simpson v. United States (C. C. A.) 229 F. 940. The facts in that case as to court proceedings were very similar to the facts in case No. 992. It was in the United States District Court of Idaho. Judge Dietrich, on his own motion, over the objection of defendants, discharged the jury after the close of the testimony and the arguments of counsel. On the plea of former jeopardy to a subsequent indictment, Judge Dietrich overruled the plea and proceeded with the trial, which resulted in conviction. The Circuit Court of Appeals, in an opinion by Judge Rudkin, concurred in by Judges Gilbert and Ross, held that there was no jeopardy, because the dismissal by the trial court was not a final dismissal under the provisions of the statute, but a dismissal in order that a new indictment might be returned. This case appears to me to be controlling over the court in the case at bar.